UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                  CASE NO. 6:11-cr-101-JA-KRS

CHAD WARNER

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, CHAD WARNER, and the attorney for the defendant, Travis Williams, mutually agree as follows:

**A.    Particularized Terms**

1.    Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and Four of the Indictment.  Count One charges the defendant with conspiracy to commit access device fraud, in violation of 18 U.S.C. § 371.  Count Four charges the defendant with access device fraud, in violation of 1029(a)(4) and (c)(1)(a)(ii).

2.    Maximum Penalties

Count One carries a maximum sentence of five years imprisonment, a fine of $250,000, a term of supervised release of not more than three years, and a special assessment of $100, which is due on the date of sentencing.  Count Four carries a maximum sentence of fifteen years imprisonment, a fine of $250,000, a term of supervised release of not more than three years, and a special assessment of $100,

Defendant's Initials _____          AF Approval _____

which is due on the date of sentencing.   With respect to certain offenses, the Court

shall order the defendant to make restitution to any victim of the offense(s), and with

respect to other offenses, the Court may order the defendant to make restitution to any

victim of the offense(s), or to the community, as set forth below.

3.      Elements of the Offenses

The defendant acknowledges understanding the nature and elements of

the offenses with which defendant has been charged and to which defendant is

pleading guilty.  The elements of Count One are:

First:          That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

Second:         That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

Third:          That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and

Fourth:         That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

The elements of the offense that the defendant conspired to commit in

Count One, access device fraud, in violation of Title 18, United States Code, Section

1029(a)(2), are as follows:

First:          the Defendant used or trafficked in one or more unauthorized access devices to get things of value totaling $1,000 or more during a 12-month period;

Second:         the Defendant knowingly acted with the intent to defraud or deceive; and

Defendant's Initials _____

2

Third:        the Defendant's conduct affected interstate or foreign commerce.

The elements of Count Four, access device fraud, in violation of Title 18, United States Code, Section 1029(a)(4), are as follows:

First:        The defendant knowingly had custody or control of or possessed device-making equipment;

Second:     The defendant acted with intent to defraud; and

Third:        the Defendant's conduct affected interstate or foreign commerce.

4.      Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts Two and Three, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.      No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.      Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. §§ 3663A(a) and (b), defendant agrees to make full restitution to the victims of his offense.

7.      Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's

Defendant's Initials _____*CW*_____

3

applicable guidelines range as determined by the Court pursuant to the United States

Sentencing Guidelines, as adjusted by any departure the United States has agreed to

recommend in this plea agreement.  The parties understand that such a

recommendation is not binding on the Court and that, if it is not accepted by this Court,

neither the United States nor the defendant will be allowed to withdraw from the plea

agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

    8.    Acceptance of Responsibility - Three Levels

        At the time of sentencing, and in the event that no adverse information is

received suggesting such a recommendation to be unwarranted, the United States will

not oppose the defendant's request to the Court that the defendant receive a two-level

downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).

The defendant understands that this recommendation or request is not binding on the

Court, and if not accepted by the Court, the defendant will not be allowed to withdraw

from the plea.

        Further, at the time of sentencing, if the defendant's offense level prior to

operation of subsection (a) is level 16 or greater, and if the defendant complies with the

provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to

USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant

understands that the determination as to whether the defendant has qualified for a

downward adjustment of a third level for acceptance of responsibility rests solely with

the United States Attorney for the Middle District of Florida, and the defendant agrees

Defendant's Initials _____*CW*_____

                        4

that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

10.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing

Defendant's Initials _____

5

recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

11.   Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

12.   Cooperation - Responsibilities of Parties

a.   The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the

Defendant's Initials _____

6

fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.      It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)      The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)      The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly

Defendant's Initials ___CW___

7

been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

Defendant's Initials _____

8

13.   <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 982, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees.  The assets to be forfeited specifically include, but are not limited to: 1) Approximately $50,920.25 from University of Central Florida Federal Credit Union Savings Account No. 334380 held in the name of Richard Kalinoski; 2) Approximately $6,682.10 voluntarily surrendered from the defendant's storage unit located at 10280 East Colonial Drive, Unit 2035, Orlando, FL 32817; 3) Approximately $24,749.43 in funds held by Sara Reimann, an alias of the defendant's, with Plastic Jungle, Inc.; 4) Approximately $7,324.00 seized from a pair of the defendant's pants at the time of the execution of the search warrant at 2560 Lyndscape St., Orlando, FL.  The defendant agrees that above-referenced funds represent proceeds he obtained from the access device scheme charged in Count One of the Indictment, and therefore, they are subject to forfeiture pursuant to 18 U.S.C. § 982, or, as to the $50,920.25, as substitute assets.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal or civil – administrative or judicial – forfeiture action. The defendant further agrees not to contest any such criminal or civil – administrative or judicial – forfeiture of the above-referenced funds regardless of when such an action is commenced and waives his right, under 18 U.S.C. § 983(a), to challenge the timeliness of the commencement of any subsequent civil forfeiture – administrative or judicial – of

Defendant's Initials _CW_

those assets. In addition, the defendant waives his right to receive notice of any civil –

administrative or judicial – forfeiture of the above-referenced funds and authorizes the

United States to rely upon this agreement as his consent to the criminal or civil –

administrative or judicial – forfeiture of those assets.

Additionally, the defendant agrees and consents to the administrative

forfeiture of the following assets: 1) 2003 Black Hummer VIN #5GRGN23U13H130917;

2) 2002 Silver BMW VIN #WBAGL63472DP50639; and 3) 2009 Blue Dodge Charger

VIN #2B3KA43D89H530528. The defendant admits that those vehicles were used to

facilitate violations of 18 U.S.C. §§ 1028 and 1029. Accordingly, the defendant admits

that those vehicles are subject to forfeiture pursuant to 18 U.S.C. §§ 1028(b)(5) and

1029(c)(1)(C).

The defendant agrees and consents to the forfeiture of those vehicles

pursuant to any federal civil – administrative or judicial – forfeiture action. The

defendant further agrees not to contest any such civil – administrative or judicial –

forfeiture of the above-referenced vehicles regardless of when such an action is

commenced and waives his right, under 18 U.S.C. § 983(a), to challenge the timeliness

of the commencement of any subsequent civil forfeiture – administrative or judicial – of

those vehicles. In addition, the defendant waives his right to receive notice of any civil

– administrative or judicial – forfeiture of the vehicles and authorizes the United States

to rely upon this agreement as his consent to the civil – administrative or judicial –

forfeiture of the above-referenced vehicles.

Defendant's Initials _CW_

The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing.  To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located.  The

Defendant's Initials _CW_

defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

**B.**   **Standard Terms and Conditions**

    1.   <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of

Defendant's Initials _____

the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United

Defendant's Initials _____

States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition.  The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be

Defendant's Initials _____

14

rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5.      Defendant's Waiver of Right to Appeal and
        Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials _CW_

6.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine

Defendant's Initials _____

the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

Beginning in approximately May 2010 and continuing until approximately March 2, 2011, in Orange County, Florida, and elsewhere, defendant CHAD WARNER ("WARNER") knowingly and willfully conspired with other persons to knowingly and with intent to defraud traffic in and use one or more unauthorized access devices, i.e. credit

Defendant's Initials _CW_

17

card numbers and related credit card account information, during the one-year period ending March 3, 2011, and by such conduct obtaining anything of value aggregating $1,000 or more during that one-year period, in violation of Title 18, United States Code, Section 1029(a)(2), as charged in Count One of the Indictment. In addition, WARNER knowingly and with intent to defraud, had control and custody over and possessed device-making equipment, to wit, a re-encoding machine, said control and custody and possession affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(4), as charged in Count Four of the Indictment.

Generally, and without detailing every aspect of the conspiracy, the co-conspirators operated as follows:

WARNER and other co-conspirators obtained stolen and otherwise fraudulently obtained access devices - i.e. credit card and debit card numbers and other account information - by purchasing that information over the Internet. WARNER and other co-conspirators paid for the stolen information by sending international wire transfers to an unknown person purportedly located in the country of Azerbaijan.

WARNER directed other co-conspirators to obtain gift cards, whether by theft or by purchasing those gift cards, for the purpose of re-encoding the gift cards with the credit card account numbers and other related information. WARNER and other co-conspirators also obtained access device making equipment, such as re-encoding machines and computer software, for the purpose of re-encoding the gift cards with the

Defendant's Initials _____

18

stolen access devices.  Using that equipment, WARNER and other co-conspirators re-encoded the gift cards with the stolen access account information.

WARNER then directed other co-conspirators to use the re-encoded gift cards at retail stores to purchase other gift cards and merchandise, thus allowing the co-conspirators, without authorization, to use the credit and debit card accounts of other persons.  Other co-conspirators then provided the newly purchased gift cards to WARNER and other leaders of the conspiracy, who sold the purchased gift cards to obtain cash.  As one means of accomplishing the conversion of the newly purchased gift cards to cash, WARNER directed another co-conspirator to fraudulently use the identification information of another person to open a bank account at a financial institution, into which bank account WARNER and other the co-conspirators directed the proceeds of the sales of the gift cards.

10.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____

11.   Certification

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that defendant

fully understands its terms.

DATED this ___13___ day of May, 2011.

ROBERT E. O'NEILL
United States Attorney

_____                    By: _____
CHAD WARNER                                          Daniel C. Irick
Defendant                                            Assistant United States Attorney

_____                         _____
Travis Williams                                      Carlos A. Perez-Irizarry
Attorney for Defendant                               Assistant United States Attorney
                                                     Chief, Orlando Division

20