**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                   Case No.  6:11-cr-101-Orl-28KRS

**CHAD WARNER**
_____

**ORDER**

Defendant has filed a Motion for Reconsideration (Doc. 209) of my Order (Doc. 207) denying the Government's Motion for Reduction in Sentence Pursuant to Federal Rule of Criminal Procedure 35(b) (Doc. 205).  An evidentiary hearing was conducted, (see Hr'g Mins., Doc. 222), during which the lead Secret Service agent described the nature and extent of Defendant's assistance.  Based on the agent's testimony, I find that Defendant did provide substantial assistance to the Government in investigating and prosecuting other persons.

Because both parties urged that Defendant receive Rule 35 relief and because I recognize the importance of Rule 35(b) as a valuable tool for law enforcement and prosecutors that should rarely be denied, I advised counsel at the close of the evidentiary hearing that I would again review all available relevant information before ruling on the Motion for Reconsideration.  I reviewed the sentencing files of each of the thirteen

defendants I have sentenced in this case so far,[1] including the presentence reports, the sentencing memoranda, and transcripts of the sentencing hearings.  I also reviewed the sentencing factors contained in 18 U.S.C. § 3553(a) as they apply to Defendant, especially paragraphs (1) and (2).[2]  Finally, I reviewed case law relevant to district courts' discretion in ruling on Rule 35(b) motions, including that cited by the parties. See, e.g., Murphy v. United States, 634 F.3d 1303, 1313 (11th Cir. 2011) ("Even assuming the Government chooses to move for a Rule 35(b) reduction, the district court possesses extremely broad discretion to grant or deny the motion."); United States v. Grant, 636 F.3d 803, 816 (6th Cir. 2011) ("If . . . the court determines that the defendant did provide substantial assistance within the meaning of the rule, then the rule give the district court ample discretion.  The granting of the motion is discretionary, as is the extent of any reduction given.").

Having considered all of the circumstances, including the substantial assistance Defendant has provided to law enforcement officers and the Government, I have come to the conclusion that reduction of Defendant's sentence is unjustified.  Thus, it is **ORDERED**

---

[1] In my previous Order (Doc. 207), I incorrectly referred to male members of the criminal enterprise as Defendant's subordinates.

[2] Defendant's deceit in luring young women into his criminal enterprise and the violence he used in forcing them to stay involved sets him apart from other defendants in this case. The Government suggests that defendant Ruel Brown engaged in similar conduct and yet received the benefit of a two-level reduction under U.S.S.G. § 5K1.1 for his substantial assistance to the Government.  Brown had a criminal history category III, while Defendant had a criminal history category I.  Brown was sentenced to 176 months in prison.  He also was violent in his treatment of female subordinates, but that conduct is the basis of a separate charge in the Jacksonville Division of this district of Trafficking in Children by Force, Fraud, or Coercion.  Sentencing on that charge was pending when Brown was sentenced in this case.

that Defendant's Motion for Reconsideration (Doc. 209) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this 22nd day of April, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
CHAD WARNER